■ In the Matter of ANGELA DE NUNZIO, an Infant, by Her Parent, A. DE NUNZIO, et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. In the Matter of MILLIE CORDERO, an Infant, by Her Parent, EULALIA CORDERO, et al., Appellants, v IRVING ANKER et al., Respondents.—Judgment, Supreme Court, New York County, entered in the office of the clerk on May 19, 1977, which dismissed petitions in these consolidated article 78 proceedings, unanimously affirmed, without costs and without disbursements. Petitioners' challenge to the budgetary cut in educational services for handicapped is directed principally toward the program provided for such students during the school year 1976-1977. Article 89 of the Education Law provided due process procedures for persons aggrieved by changes in educational procedures and was adopted two months before the beginning of the 1976-1977 school year. It appears conceded that such cuts in educational services were accomplished in disregard of the provisions of said article 89, and so aggrieved parents or students were deprived of their right to have their cases considered by a competent committee of professionals; the right to be afforded an opportunity to appear before said committee; the right to an impartial hearing if the aggrieved persons disagreed with the committee's recommendation; and the right to be maintained in the handicapped education program pending the outcome of the hearing (see Education Law, § 4402, subd 1, par b, cl [3]; subd [c]; § 4404, subds 1, 4). Because of the passage of time, the matter would appear to be moot. In our opinion, however, the school program designed for handicapped children during that academic year was not in compliance with the procedural safeguards provided by law. Although Special Term found that the "curtailment in the personal instruction previously rendered to petitioners constitutes an inadequate substitute" for the previous services furnished to handicapped students, respondents have undertaken in oral argument and in their brief to fully comply with all applicable statutes and regulations governing the

education of handicapped children in the city. Respondents maintain that they have established the necessary apparatus to implement the new sections of the Education Law above referred to, and, in addition, represent to this court that all procedural and substantive requirements of the applicable statutes and regulations will be adhered to during the coming academic year. They represent that each petitioner, together with his handicapped pupil in the city, will be assured of appropriate placement in the educational program best suited to the handicapped student's needs. We have noted that the Commissioner of Education has granted a variance to respondents to use media instruction rather than the personalized instruction previously utilized, and has agreed that media instruction as part of a complete homebound program would provide suitable educational opportunities for the children involved. Because educational policy is entrusted by statute and the Constitution to school administrators, we defer to such expertise. On the record here presented, we cannot say that such determination by the Commissioner of Education was either capricious or arbitrary. While it would appear that the cuts in programs under attack are more drastic than those implemented in schools for normal students, a claim of denial of equal protection of law cannot rest merely on the percentage of budgetary cuts in the said program (see, for example, *Matter of New York City School Bd. Assn. v Board of Educ.,* 39 NY2d 111). Concur—Birns, J. P., Capozzoli, Lane and Markewich, JJ.